## James C. Scott v. Jesse N. Streepy.

### No. 6350.

**Citation to Non-Residents.**—Without an attachment upon property within the State a judgment upon service of a citation upon the defendant made outside of the State in the mode prescribed by statute for such service is void, as also is a sale under such judgment.

Appeal from Coleman. Tried below before Hon. J. P. Hutchison, special district judge.

This is an appeal from a judgment for the defendant in an action of trespass to try title. The plaintiff claimed under an execution sale. The fact as found by the court touching the service of citation upon which the judgment was rendered is as follows:

"The court finds that Jasper N. Streepy was never personally served with notice of said suit while in the State of Texas, but was served with notice in the State of Colorado, and never appeared in the court rendering the judgment, and that no property or effects of Streepy were brought into said court by attachment or garnishment."

*Woodward & Vining,* for appellant. —1. Appellant had a valid subsisting judgment against Streepy, and the execution issued thereunder, the sheriff's levy and sale, and deed by virtue thereof to Scott, conveyed title to the land in question to him. Rev. Stats., arts. 1198, 1230, 1233; Rice, Stix & Co. v. Peteet, 66 Texas, 569; Jones v. Jones, 60 Texas, 451; Trevino v. Trevino, 54 Texas, 262.

2. The judgment is good against a collateral attack. Holmes v. Buckner, 67 Texas, 107; Williams v. Ball, 52 Texas, 609; Odle v. Frost, 59 Texas, 686.

. *Sims & Snodgrass,* for appellee.—A judgment in personam by default against a non-resident of the State of Texas, obtained without personal service of citation within the State of Texas, and without bringing within the control and jurisdiction of the court rendering judgment any property of his, is absolutely void and can not form the basis of any right. Freem. on Judg., secs. 564–566; Pennoyer v. Neff, 95 U. S., 714; St. Clair v. Cox, 106 U. S., 353; Pana v. Bowler, 107 U. S., 545; Hart v. Sansom, 110 U. S., 151.

HENRY, ASSOCIATE JUSTICE.—The defendant claims title to the land in controversy through a judgment against defendant for money and sale under an execution issued on the judgment.

It appears that plaintiff was served with citation in the State of Colorado, where he then resided, on the 8th June, 1886, issued by a justice of the peace for Tarrant County, in this State.

The service was such as our statutes prescribe for non-residents.

The judgment of the District Court in favor of plaintiff was predicated upon the judge's conclusion of law, made part of the record, that "the judgment of the justice and sale under it were void."

The defendant being at the time the proceedings were had a non-resident of this State, and not having been personally served within its limits with process, or voluntarily appeared, the court was without jurisdiction, and the conclusion of the judge is correct. Pennoyer v. Neff, 95 U. S., 714.

The judgment is affirmed.

*Affirmed.*

Delivered April 23, 1889.