### STEVEN MARTIN v. JOANNA COBB ET AL.

No. 6607.

1.   **Citation by Publication of Nonresidents.**—A judgment rendered upon service by publication upon nonresident defendants in an attachment suit is void save against the property attached.   An execution sale of other property under such judgment is void.

2.   **Void Judgment.**—A void judgment may be collaterally attacked.

ERROR from Clay.   Tried below before Hon. J. A. Templeton, Special District Judge.

On the 10th of August, 1886, trespass to try title brought by Steven Martin, plaintiff in error, against Joanna Cobb, defendant in error, for the John A. Scott 640 acres in Clay County.

Answer by pleas of not guilty, three, five, and ten years limitation, compensation for improvements in good faith, and claim of ownership; that plaintiff's title is a cloud upon defendant's title, and prayer for recovery against him.

1.   Plaintiff's evidence: Patent to John A. Scott dated March 21, 1855.

2.   Agreement that John A. Scott died about the 1st of July, 1855, leaving no wife but the following children surviving him as his sole heirs at law:   Grignold Scott, who died prior to 1870 without issue; Caroline S. Scott, who afterwards married one Gibbs; John A. Scott, Jr.; Sarah E. Scott, who afterwards married Henry Perry Lee; Calhoun Scott, who died prior to 1870 without issue; and Francis E. Scott.   That Gibbs died prior to 1870, and that his widow has never married.   That Francis Scott, Sarah E. Lee, Henry P. Lee, Caroline S. Gibbs, and John A. Scott are all living, and that none of said parties ever resided in Texas; and other matters that need not be mentioned.

Plaintiff offered to read in evidence the following certified copy of record from a Justice of the Peace Court:

"*W. G. Eustis v. Caroline S. Gibbs et al.   Suit on open account by attachment for $180.*—Citation and attachment writ issued July 29, 1876. Citation by publication issued July 9, 1876.

"Appeal bond and affidavit filed July 29, 1876.   Writ of attachment

returned July 31, 1876, levied on the following described land in Wichita County: on Big Wichita River, and known as surveys Nos. 15, 12, and 13, in the name of John A. Scott, located by virtue of scrip issued in the name of Thomas Toby, and attached as the property of defendants. The sheriff has leave to amend his return."

Then follows the judgment: "And now at this time comes on to be heard the above entitled cause, whereupon came the plaintiff by attorney, but the defendant came not, and it being after the hour of 2 o'clock p. m., and the defendants after being called * * * wholly made default; and it appearing to the court that the defendants had been properly served as the law requires, and that one term of this court has passed since the return day in the citation, and the plaintiff's cause of action having been proven by an instrument in writing which was as follows."

Then follows an account for surveying against Caroline S. Gibbs, Sarah E. Lee and Henry P. Lee her husband, and Fannie E. Scott, in favor of W. G. Eustis, $180.

The account is sworn to by Eustis in the usual form. Judgment was rendered for plaintiff for his debt, $180, and costs of suit against Caroline S. Gibbs, Sarah E. and Henry P. Lee, and Fannie E. Scott. It was also ordered that the lands levied on be sold, or so much of the same as would be sufficient to satisfy the debt and costs. This judgment is dated September 25, 1876. October 9, 1876, an entry is made on the docket— "Motion for new trial filed October 10, 1876; motion overruled." The court sustained objections to this judgment because it appeared on its face to be a judgment against nonresidents on service by publication; that no jurisdiction attached to the levy of the attachment on the land, it being situated in a county other than that of the court or sheriff who made the levy, and because it was upon land other than that in suit, the suit being for 640 acres in Clay County and the levy on land in Wichita County.

Plaintiff offered execution upon the judgment, levy on the land in suit, sale to G. W. Alexander, deed of sheriff dated January 2, 1877, all of which were excluded upon objection that there was no judgment to sustain the same, and because there was no valid consideration for the sale. The levy was made upon three other surveys besides the one in controversy, of 640 acres each, all of which were sold to four persons for $10, the one in suit being sold to G. W. Alexander. Objections were sustained. Judgment for defendants, and plaintiff appealed.

*Barrett & Stine,* for plaintiff in error. — 1. In a collateral attack upon a domestic judgment rendered by a justice of the peace it will be conclusively presumed that the court had jurisdiction unless the contrary affirmatively appears on the face of the judgment roll. Treadway v. Eastburn, 57 Texas, 209; Williams v. Ball, 52 Texas, 603; Watkins v. Davis, 61 Texas, 414; Mikeska v. Blum, 63 Texas, 44.

2.   A nonresident can be sued in this State without an attachment to give jurisdiction.   Rice, Stix & Co. v. Peteet, 66 Texas, 568; O'Neill v. Brown, 61 Texas, 37; Liles v. Woods, 58 Texas, 416; Jones v. Jones, 60 Texas, 451; Wilson v. Zeigler, 44 Texas, 657.

*A. K. Swan*, for defendants in error.—When a domestic judgment shows on its face service by publication and upon that service a judgment by default, and it is shown that defendants were nonresidents, such judgment is void as a personal judgment and subject to collateral attack.   Pennoyer v. Neff, 95 U. S., 714.

COLLARD, JUDGE.—An inspection of the record and the judgment rendered by the justice of the peace and offered in evidence by the plaintiff will show that it was upon service by publication.   The entries on the docket are as follows:   "Citation and attachment writ issued July 29, 1876. Citation by publication issued July 29, 1876."

The portion of the judgment bearing on the point is as follows:

"And now at this time comes on to be heard the above entitled cause, whereupon came the plaintiff by attorney, but the defendant came not, and it being after the hour of 2 o'clock p. m., and the defendant after being called   *   *   *   wholly made default; and it appearing to the court that the defendant had been properly served as the law requires, and that one term of this court had passed since the return day in the citation, and the plaintiff's cause of action having been proved by an instrument in writing, which was as follows," etc.

It is the settled law of this State that a personal judgment of a justice of the peace can not be collaterally attacked unless the record affirmatively shows that the court had no jurisdiction of the person of the defendant against whom the judgment is rendered, and where the judgment recites that the defendant "was duly served with process" it is final and conclusive, being the last act of the court, an adjudication of the fact of legal service.   Treadway v. Eastburn, 57 Texas, 213.

In this case the record of the proceedings in the Justice Court as well as the judgment itself shows that it was rendered upon service by publication.   It was admitted that the defendants in the suit before the justice had never resided in Texas.   It has been several times decided in this State that such service upon nonresidents gives no jurisdiction, and therefore a judgment obtained against them upon such service would be void. Scott v. Streepy, 73 Texas, 547.

A void judgment may be impeached in a collateral attack.   The entries on the docket of the justice of the peace show that after the judgment a motion for a new trial was filed and overruled, and it is contended that this bound the parties by the judgment.   We do not think so.   The judgment was void when rendered.   The filing of a motion to set it aside or

the overruling of the motion could not make it better or worse. The record does not show that defendants filed the motion or that it was done by their authority. The filing of the motion does not show that the defendants were present in court when the judgment was rendered. The judgment declares that they were not, and it was taken by default. The suit was brought by attachment and land levied on in a county other than the one in which the suit was pending. Whether such a levy would confer jurisdiction or not we need not decide. If, however, it did it would only confer jurisdiction to condemn the land levied on to the payment of the debt; it would not authorize the court to render a personal judgment against the defendants that would support a sale of other land under execution. When the land levied on was exhausted the power of the judgment was exhausted. Other property of the defendants was not affected by the judgment, and no valid execution could issue and be levied on other property. Hochstadler v. Sam, 73 Texas, 319. The court below did not err in excluding the judgment. It follows that the sheriff's deed and other deeds deraigning title from the judgment conferred no title, and were also properly excluded. Plaintiff failing to show title he could not recover, and it was proper to render judgment that he take nothing by his suit and that the defendants go hence. This was done.

Our opinion is the judgment should be affirmed.

*Affirmed.*

Adopted June 3, 1890.