## GULF, COLORADO & SANTA FE RAILWAY COMPANY V. LEE RAWLINS ET AL.

### No. 7088.

1.   **Citation Against Corporation.**—A citation commanding the officer "to summon J. N. Sayre, agent for the Gulf, Colorado & Santa Fe Railway Company," etc., does not command service upon the railway company and will not sustain a judgment by default against the railway company although served upon the person named as agent.

2.   **Jurisdiction.**—Jurisdiction to render a judgment can be acquired only by compliance with what the law prescribes shall be done to confer it, and without a substantial compliance with this, power to render a judgment does not exist.

3.   **Void Judgment May be Enjoined.** — A judgment rendered without jurisdiction is void and may be enjoined.

4.   **Injunction Against Judgment for Less Than $20.**—Judgment in a Justice Court for less than $20 can not be appealed from, and hence injunction is the only remedy, and this the District Court had the power to grant.

5.   **Meritorious Defense.**—Judgment against a railway company for negligently killing a calf worth $15.   The road in application for injunction alleges that it had a defense, viz., that the calf was not injured by the cars, but "got into a mud hole and died from effects of injuries received while there." *Held*, the defense was good.

APPEAL from Milam.   Tried below before Hon. John N. Henderson. The opinion states the case.

*J. W. Terry*, for appellant.—1.   The petition showing that the only service in the case in the Justice Court was the service of the citation directed to W. J. Sayre, agent, and that the appellant never appeared in the case or waived service, it showed that the justice of the peace had never acquired authority to render judgment against the appellant. Insurance Co. v. Seeligson, 59 Texas, 3; Railway v. Sauls, 2 Ct. App. C. C., sec. 242; Witt v. Kaufman, 25 Texas Supp., 384.

2.   The petition shows a sufficient and meritorious defense to the claim of the appellee Rawlins in this, that it alleges that his calf was not killed by the cars of the appellant, but died from the effects of injuries received while in a mud hole.

3.   Injunction is the proper remedy against a void judgment, and we submit that if the judgment be only voidable, where there is no other remedy, an injunction should be allowed. Witt v. Kaufman, 25 Texas Supp., 384; 2 Ct. App. C. C., secs. 689, 690.

No appearance for appellees.

STAYTON, CHIEF JUSTICE.—Appellant sought injunction to restrain sale of its property under execution issued by Craddock, a justice of the peace, on a judgment rendered by him in favor of Lee Rawlins for $15, which had been levied by Cummings, a constable, on its personal property.

As ground for injunction it was alleged that Rawlins brought suit against appellant for $15 without stating for what; that citation issued directing the summons of W. J. Sayre, agent of appellant, but not directing the citation of appellant, which was served on Sayre; that appellant did not appear, answer, or waive service, and that after this Craddock, after he had adjourned his court for the term, entered a judgment in favor of Rawlins for $15, on which execution issued which was levied on personal property belonging to appellant.

The citation was made an exhibit to the petition, and commanded the officer "to summon W. J. Sayre, agent for the Gulf, Colorado & Santa Fe Railway Company, * * * to be and appear * * * then and there to answer unto Lee Rawlins in suit for damages for the killing of one half-bred calf, killed by the cars of the Gulf, Colorado & Santa Fe Railway Company on or about the 17th day of September, 1887, and said calf living valued at $15," etc.   The petition alleged that plaintiff had a good defense to the action, in that it alleged that the animal was not killed by plaintiff's cars, "but got into a mud hole and died from effects of injuries received while therein."

The defendants demurred as follows:

1.   To the jurisdiction of the court over the subject matter of the suit as alleged in plaintiff's petition.

2.   General demurrer.

3.   The following special demurrers:

(1) Said petition shows no equity.

(2) Said petition does not state any valid defense to the defendant Lee Rawlins' suit in the Justice Court.

(3) Said petition does not show that plaintiff is entitled to the relief prayed for.

(4) Said petition shows that the plaintiff is attempting to get the District Court to exercise supervisory and appellate jurisdiction over the Justice Court.

The demurrers were sustained, injunction dissolved, and plaintiff declining to amend, its suit was dismissed.

The statute requires that citations from Justice Courts "shall require the officer to summon the defendant to appear and answer the plaintiff's suit," etc. Rev. Stats., art. 1570. It further provides that "no judgment other than a judgment by confession shall be rendered by a justice of the peace against any party who has not entered an appearance or accepted or waived service, unless such party has been cited either personally or by publication." Rev. Stats., art. 1617.

The citation in question did not direct the officer to summon "the Gulf, Colorado & Santa Fe Railway Company," the defendant, but simply directed that a person stated to be its agent should be summoned. Jurisdiction to render a judgment can be acquired only by compliance with what the law prescribes shall be done to confer it, and without a substantial compliance with this, power to render a judgment does not exist. The citation under consideration was not a substantial compliance with the law, and service of such a writ on the agent did not confer on the court from which it issued jurisdiction to render the judgment against the company. Railway Co. v. Sauls, 2 Ct. App. C. C., 242; Insurance Co. v. Seeligson, 59 Texas, 3.

A judgment rendered without jurisdiction is void and may be enjoined. Witt v. Kaufman, 25 Texas Supp., 384; Byars v. Justin, 2 Ct. App. C. C., 688, 689.

The judgment being for less than $20 no appeal or *certiorari* could be prosecuted to set it aside and injunction was the only remedy, and this the District Court had jurisdiction to grant. County of Anderson v. Kennedy, 58 Texas, 616; Alexander v. Holt, 59 Texas, 205.

This view of the question will require the reversal of the judgment, and this renders it unnecessary to inquire whether the averments of the petition amount to a charge that the judgment was pronounced in vacation, or that it was rendered during the term but not entered in the judge's docket until after adjournment, nor to inquire what would be the effect of a judgment actually rendered during the term but not recorded until after adjournment, if then entered without notice to a defendant, even in a case in which the defendant was properly cited.

The answer set up a good defense, and the court erred in sustaining the exceptions and dismissing the cause, and for this reason its judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 24, 1891.