SPAULDING MFG. CO. v. KUYKENDALL et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 23, 1912. Rehearing Denied Dec. 21, 1912.)

1. JUDGMENT (§ 419*)—DEFAULT JUDGMENT— VALIDITY.

A default judgment based on the allegation that defendant was a corporation when in fact it was a copartnership, none of its members being parties, and service having been had on a certain person as agent of the alleged corporation, did not bind the partnership and enforcement of the judgment was properly enjoined on the theory that it was a nullity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 794; Dec. Dig. § 419.*]

2. SET-OFF AND COUNTERCLAIM (§ 13*)—SUIT TO ENJOIN ENFORCEMENT—CROSS-ACTION.

In an action by a partnership to enjoin collection of a default judgment taken against it as a corporation, defendant could file a cross-action for any debt owing by the partnership.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 15, 21, 22; Dec. Dig. § 13.*]

Appeal from Van Zandt County Court; C. L. Stanford, Judge.

Action by the Spaulding Manufacturing Company against B. H. Kuykendall and others. Judgment for defendants, and plaintiff appeals. Partly reversed and rendered, and partly reversed and remanded.

L. Davidson, of Canton, for appellant. T. R. Yantis, of Canton, for appellees.

RAINEY, C. J. [1] In 1911 a judgment was rendered by the county court of Van Zandt county in cause No. 1638 in favor of B. H. Kuykendall against the Spaulding Manufacturing Company. The petition alleged said company to be a foreign corporation and sought a recovery for a personal debt. The citation in said suit commanded the summons of said company, or its agent, J. E. Bayer, at Texarkana, Tex. No appearance was made, and judgment by default was rendered against said company for $243 and costs, and reciting regular service in conformity with law. An execution was issued by virtue of said judgment and levied upon property of appellant, the Spaulding Manufacturing Company, a copartnership, the members of which reside in the state of Iowa. On January 30, 1912, appellant instituted in the county court of said county this injunction proceeding to restrain the enforcement of said judgment in cause No. 1638, alleging, in effect, that it is not a corporation and never has been, the want of proper service on which to base a judgment by default, etc. Defendant answered by pleas as to the validity of the judgment in cause No. 1638, and further set up and sought a recovery for an indebtedness due him by appellant. The court dissolved the temporary injunction theretofore granted, and rendered judgment against appellant and the sureties on the injunction bond for the amount of appellee's claim.

The appellant was never a corporation, and was, at the time the judgment in suit No. 1638 was rendered, a copartnership living and doing business as such in the state of Iowa. In said suit No. 1638, the members constituting said copartnership were not made parties, nor was there service of citation upon either of its members, and there was no waiver nor appearance by either of them in said suit. Service of citation was made on J. E. Bayer as agent.

The judgment in cause No. 1638 being based on the allegation that appellant was a corporation, when in fact it was a copartnership, none of its members being parties, service on J. E. Bayer, an agent, was not sufficient to bind appellant, and said judgment was a nullity and of no binding force on appellant whatever. The county court of Van Zandt county acquired no jurisdiction of appellant, and the judgment in cause No. 1638 was null and void. The court erred in dissolving the temporary injunction, but said injunction should have been perpetuated. Scott v. Streepy, 73 Tex. 547, 11 S. W. 532; Graham v. Land Co., 50 S. W. 579; Railway Co. v. Rawlins, 80 Tex. 579, 16 S. W. 430; Railway Co. v. Skeeter Bros.,

44 Tex. Civ. App. 105, 98 S. W. 1064. Other authorities could be cited to sustain our position, but we think it is too well settled for it to be necessary. It was improper for the court to render judgment against the sureties on appellant's injunction bond, as the injunction should have been perpetuated and therefore there was, under the facts, no liability on the bond.

[2] The appellee had the right to file a cross-action for his debt, if any existed, against appellant. The appellee did file such cross-action, but it seems the court did not base his judgment on said cross-action, but upon the judgment in cause No. 1638, which was sought to be enjoined, which was error.

The judgment will be reversed and here rendered for appellant and sureties perpetuating said injunction, and reversed and remanded for a new trial on appellee's cross-action for debt.

Reversed and rendered in part, and reversed and remanded in part.