DALHART ICE & ELECTRIC CO. v. TINSLEY. . (No. 857.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 27, 1915.)

1. JUSTICES OF THE PEACE ☞73, 74—PLEA OF PRIVILEGE—STATUTE.

Where suit is not pending also in the justice court of the county of defendant's residence, or brought in such court, defendant's plea of privilege to be sued in the county of his residence need not show that the justice to whose court the case is asked to be transferred is not disqualified, since Rev. St. 1911, art. 2312, providing if there be no justice of the peace qualified to try the suit in the proper precinct, it may be commenced before the nearest justice of the peace of the county who is not disqualified to try the same, has no application to a nonresident of a county.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 236–242; Dec. Dig. ☞73, 74.]

2. JUSTICES OF THE PEACE ☞73, 74—WAIVER OF PRIVILEGE—STATUTE.

Rev. St. 1911, arts. 1831–1833, providing that issuing process for witnesses and taking depositions shall not constitute a waiver of a plea of privilege, that if a plea of privilege is sustained the cause shall not be dismissed, but the court shall transfer it to the court having jurisdiction of the person of the defendant, and that when the plea is sustained the court shall order the venue changed and the record shall be transmitted, apply to cases pending in justice courts, since article 1903, prescribing what the plea of privilege shall state, and that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 or article 2308 exists in the cause, was added to the Revised Statutes by the same act of 1907 (Acts 30th Leg. c. 133), which added articles 1831–1833, while the exceptions mentioned in article 2308 refer to the venue in justice courts.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 236–242; Dec. Dig. ☞73, 74.]

Appeal from Dallam County Court; T. S. Mills, Judge.

Action by the Dalhart Ice & Electric Company against Leslie Tinsley. Judgment for defendant, and plaintiff appeals. Affirmed.

Tatum & Tatum, of Dalhart, for appellant. H. L. McCune, of El Paso, and Bailey & Richards, of Dalhart, for appellee.

HUFF, C. J. [1] The appellant instituted suit against appellee in the justice court, precinct No. 1, Dallam county. In that court the appellee filed his plea of privilege to be sued in precinct No. 1, El Paso county, Tex., which he alleged was and is his place of residence and in which he should be sued. The plea of privilege is sufficient under article 1903, R. C. S. In fact, there are no objections to the form of the plea. In the justice court that court found against the plea and rendered judgment by default in favor of the appellant against appellee. The appellee appealed to the county court of Dallam county, and upon the hearing on the plea of privilege, the court sustained the plea, and found that the allegations therein were true and ordered the case transferred to precinct No. 1, El Paso county, Tex. The appellant excepted to the plea on the ground that it does not negative the disqualification of the justice of the peace of precinct No. 1, El Paso county, or that there was a justice of the peace in that precinct qualified to try the case. The court overruled the exception, and this is assigned as error. Where the suit is not pending in the justice court of the county of the defendant's residence, or brought in such court, we do not understand it to be required to show by the plea that the justice of the peace to whose court the case was ordered transferred is not disqualified. Article 2312, R. C. S., does not apply to a nonresident of a county. Aspermont Drug Co. v. Crowdus Co., 80 S. W. 258.

[2] It is also assigned as error that there was no law authorizing the transfer from one justice court in one county to a justice court in another county. It is contended that articles 1831 to 1833, inclusive, do not apply

to cases pending in the justice courts. This has been held otherwise. Kramer v. Lilley, 55 Tex. Civ. App. 339, 118 S. W. 735. In addition to what was said in the above case, we call attention to the Acts of 1907, which added articles 1194A, 1194B, 1194C, to the Revised Statutes of 1895. These articles, so added, were all in one act. Articles 1194B and 1194C are now articles 1831 to 1833, inclusive, R. C..S. 1911; and article 1194A is now article 1903, R. C. S. This last article prescribes what the plea of privilege shall state:

"And that none of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 (old article 1194), or article 2308 (old article 1585) of the Revised Statutes, exist in said cause."

The exceptions mentioned in article 2308, R. C. S., refer to the venue in justice courts. We think it is evident the Legislature intended these articles to apply to justice courts. The case will be affirmed.