## A. B. RICHARDS MEDICINE CO., Inc., v. JOHNSON. (No. 9175.)*

(Court of Civil Appeals of Texas. Dallas. Nov. 22, 1924. Rehearing Denied Jan. 10, 1925.)

1. **Justices of the peace  128(2)—Injunction not granted against judgment, where adequate legal relief by appeal or certiorari.**

Whether judgment of justice against defendant was void or voidable, he having adequate legal remedy by appeal or certiorari, and neglecting to make use of it, may not have relief by injunction.

2. **Justices of the peace  128(2)—Remedy by certiorari against judgment of justice without jurisdiction of defendant, and not in county of his residence, adequate.**

Legal remedy by certiorari against judgment of justice without jurisdiction of defendant, though in county other than that of his residence, is adequate, preventing relief by injunction; the trial in the county court on the case being removed there by certiorari, being under Rev. St. arts. 760, 1950, a "trial de novo," permitting defendant there under art. 2400, to plead privilege of being sued in county of his residence, he not having known of the judgment till too late to move for new trial or to appeal.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Suit by C. Johnson against A. B. Richards Medicine Company, Incorporated. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

C. Huggins, of Sherman, Henry Wilson, of Dallas, and Morris & Barnes, of Beaumont, for appellant.

Dayton B. Steed, of Sherman, and Thomas N. Hill, of Beaumont, for appellee.

LOONEY, J. This appeal is from a judgment of the court below perpetually enjoining the execution of a judgment rendered in the justice court of precinct No. 1, Grayson county, Tex., in favor of the A. B. Richards Medicine Co. v. C. Johnson, the appellee.

The material facts are as follows: On December 26, 1922, the A. B. Richards Medicine Company a corporation, located at Sherman, Tex., recovered judgment by default in the justice court of precinct No. 1, Grayson county, Tex., before H. D. Cumby, justice of the peace, against C. Johnson, of Jefferson county, Tex., appellee, for the principal sum of $71.65 besides $15.81 attorney's fees and $8.10 court costs. Execution was issued to Grayson county on January 8, 1923, and re-

turned "no property found," and, on same day, an alias was issued to Jefferson county, Tex., and was by the plaintiff in judgment placed in the hands of Tom Garner, sheriff of Jefferson county, who demanded a levy and was threatening to levy on the property of appellee when enjoined in these proceedings.

Appellee was never served with citation, although the return of the constable on the citation on which the court rendered judgment is as follows:

"Came to hand on the 11th day of December, 1922; executed the 12th day of December 1922, by delivering to the within named defendant, C. Johnson, in person, a true copy of this citation."

The return of the constable was false. Appellee had no knowledge or information as to the pendency of the suit or the rendition of the judgment by default until the execution was placed in the hands of the sheriff of Jefferson county on or about January 29, 1923, at which time it was too late for appellee to move for a new trial or to perfect appeal to the county court. If the appellee had been served with citation, he would, in due time and order of pleading, have filed a plea of privilege to be sued in Jefferson county, the county of his residence, and the same would, under the facts, have been sustained and the cause transferred to the proper court of Jefferson county for trial. It further appeared that appellee was not indebted to the A. B. Richards Medicine Company in any sum whatever; the claim of indebtedness, the basis of judgment, was fraudulent, and had no existence in fact.

The original petition for injunction was filed in the district court of Jefferson county on January 29, 1923, the medicine company, the sheriff of Jefferson county, and the justice of the peace of precinct No. 1, Grayson county, were made defendants. On February 2, 1923, Hon. Geo. B. O'Brien, judge of said court, granted a temporary writ of injunction enjoining the defendants therein from levying, or attempting to levy, the execution on the property of appellee, and from further attempts to enforce the justice court judgment. The defendants were cited to appear before said court on February 13, 1923, to show cause why the injunction should not be made permanent. On February 13, 1923, the plea of privilege filed by the medicine company was sustained and the cause transferred to the district court of Grayson county, where it was tried, and from whose judgment this appeal is prosecuted. The statement of the case just made is based upon the finding and conclusions of the trial judge, which we find are sustained by the evidence.

Appellant contends that, after appellee acquired knowledge of the rendition of the judgment against him in the justice court, he

---

had ample time within which to petition for writ of certiorari to remove the cause to the county court for trial de novo, where the injustice of which he complains could have been fully, adequately, and completely remedied. As before stated, the justice court judgment was rendered on December 26, 1922, of which fact the appellee had knowledge on January 29, 1923, 34 days after its rendition, and, therefore, he still had 56 days left within which to make application for the writ of certiorari.

[1] Was appellee required under the circumstances to avail himself of the legal remedy of certiorari in order to vacate the justice court judgment, instead of resorting to equity? We think so. The leading case on the subject, similar in all material respects to the case under consideration, is G., H. & S. A. Ry. Co. v. Ware, 74 Tex. 47, 11 S. W. 918, in deciding which the Supreme Court, among other things, said:

"We are of opinion, however, that the general rule of equity should apply, and that, if the defendant in the void judgment has had an opportunity to avail himself of a legal remedy [meaning by appeal or certiorari] to vacate it and has neglected to make use of it, relief by injunction should be denied him."

This doctrine was later followed by the Supreme Court in Texas Mexican Ry. Co. v. Wright, 88 Tex. 346, 31 S. W. 614, 31 L. R. A. 200, as shown by the following. The court said:

"The judgment of the justice of the peace, enjoined in this case, was void because the court which rendered it had no jurisdiction of the defendant. Railway Co. v. Rawlins, 80 Tex. 581, 16 S. W. 430. But the court below and the Court of Civil Appeals correctly held that the defendant in that judgment, having the right to a writ of certiorari, could not sue out an injunction to stop the execution of the judgment. The case of Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918, cited and followed by the Court of Civil Appeals, lays down the correct doctrine upon this question."

There are numerous later cases to the same effect, so the rule definitely established in this state is that, whether the judgment complained of is void, or voidable, if the complaining party has a remedy by appeal or certiorari and neglects to make use of the same, he will not be permitted to invoke relief by injunction.

[2] We do not understand that appellee controverts this proposition as a general rule, but contends that it has no application to this cause, for the reason that the remedy by certiorari was not adequate and would not have afforded the relief to which he was entitled. This seems to have been the controlling idea of the learned trial judge, who, in his conclusions, among other things, said:

"The judgment rendered in the case of A. B. Richards Medicine Company against C. Johnson in the justice court of precinct No. 1, out of which the execution was issued that is sought to be enjoined in this case, was void. The defendant C. Johnson was not advised of the existence of the judgment in time to have presented a motion for a new trial, nor to perfect an appeal in the usual course. It is true that the said Johnson had information of the existence of the judgment in time to have presented a petition to the county judge of Grayson county for a writ of certiorari, but this would not have given him an adequate remedy. If all the parties to that suit in the justice court had been resident citizens of Grayson county, his remedy by certiorari would have been complete, because the question of a plea of privilege would not have entered into the case. Where a case is tried in the justice court, and an appeal perfected to the county court, the plea of privilege will not be entertained by the county court, where it was not filed in the justice court; the certiorari in this respect being similar and equivalent to an appeal, the same rule would apply. In this instance the defendant, C. Johnson, could not have presented successfully a plea of privilege in the county court for two reasons: First, no such plea was filed in the justice court; second, by his petition to the county court for a certiorari he invokes the judgment of that court and voluntarily submits himself to its jurisdiction, and he will not be heard to question its power, nor right to determine the controversy."

We have been unable to find where the identical question under consideration has been passed upon by any of our appellate courts. The proposition made is that appellee, a resident of a county other than the county in which the judgment was rendered, by filing a petition for certiorari, would submit himself to the jurisdiction of the county for all purposes and thus cut himself off from pleading his privilege to be sued in the county of his residence, as no such plea was filed in the justice court, and, for this reason, the general rule stated above has no application, in that the remedy by certiorari would not be adequate. Is it true that by applying for certiorari under the circumstances appellee would have precluded himself from urging in the county court a plea of privilege? We think not. Certiorari is one of the methods provided by law for the removal of a cause from the justice court to the county court (or district court, as the case may be) for trial de novo. Articles 760 and 1950, Revised Statutes.

Defining the nature of certiorari proceedings, Judge Key, in Lucas v. Harrison (Tex. Civ. App.) 139 S. W. 659, said:

"While it is true that a petition for certiorari partakes of the qualities of a bill of review or an application for a new trial, it is also true that it is one mode of appeal prescribed by statute, and it has been held that the statute and proceedings thereunder should be liberally construed."

Further, in the same opinion, Judge Key said:

"Appeal and certiorari are cumulative remedies, and in order to obtain the benefit of the latter it is not necessary to assign any excuse for not taking an appeal—[citing 14 Tex. 370; 16 Tex. 590; 60 S. W. 277; 93 S. W. 711.]"

The statutes of this state regulating the filing of pleas of privilege, the trial of contests arising thereunder, and the right of appeal from an order sustaining or overruling the plea (articles 1831 to 1833, incl., also articles 1903 and 2308) apply to and regulate the proceedings of justice courts. Kramer v. Lilley, 55 Tex. Civ. App. 339, 118 S. W. 735; Dalhart Ice & Elec. Co. v. Tinsley (Tex. Civ. App.) 180 S. W. 619. In Kramer v. Lilley, supra, the court said:

"Although this Act [Acts of 1907, Thirtieth Legislature, relating to pleas of privilege] does not in terms apply to justice's court, we think it does apply by virtue of article 1677 [now article 2400]."

Article 2400 applies to justice court proceedings, the provisions of law governing county and district courts in civil cases, in so far as the same may be made applicable and not otherwise specially provided for. If appellee had been cited, he could, in due order of pleading, have urged his privilege to be sued in Jefferson county, and, if overruled, could have appealed to the county court, or, if he had known of the judgment by default before the time for moving for a new trial expired, he could in this way have raised the question and, if defeated, appealed to the county court. The facts are, however, that he did not know of the existence of the judgment until 34 days after its rendition, too late to move for a new trial or appeal. The only remedy left was to petition for writ of certiorari to remove the cause to the county court for trial de novo.

A trial de novo is a trial anew, as if the case had never been tried. It was defined by our Supreme Court in Shultz v. Lempert, 55 Tex. 277, as follows:

"Trial de novo does not mean a trial on appeal and on nothing but the record to correct errors, but does mean a trial of the entire case anew, hearing evidence, whether additional or not."

The case at bar is not analogous to cases where the defendant had been legally cited, or where he appeared and had an opportunity to plead his privilege in the justice court and, failing so to do, thereafter, and for the first time, urged a plea of privilege on appeal in the county court. In such cases the right to urge the plea would be lost.

The object of a petition for certiorari is to obtain the issuance of the writ, the office of which is to remove the case to the county court for trial de novo. For this purpose, and this only, the petitioner submits himself to the jurisdiction of the county court by filing a petition for certiorari. When the case in this manner reaches the county court, the petitioner, not having had an opportunity, nor having been required to answer before, is permitted in due order of pleading to urge his privilege to be sued in the county of his residence. In our opinion this way was open to appellee, his rights thereunder undoubted and the remedy adequate.

In the case of Atchison, Topeka & S. F. Ry. Co. v. Adams (Tex. App.) 14 S. W. 1015, a judgment by default was rendered against the defendant without service of citation. Motion was made to set aside the judgment, which was sustained. At the ensuing term of court the defendant interposed a plea of privilege. On motion of plaintiff the plea was stricken out, on the ground that it came too late; that the court had obtained jurisdiction by reason of the defendant's appearance at the former term by filing the motion to set aside the default judgment. The Court of Civil Appeals denied this contention, using, among other, the following language:

"We think the court erred in striking out said plea. Appellant's appearance at the preceding term of the court was for the purpose only of moving to set aside the judgment by default, for reason that said judgment had been rendered without service upon it of citation. This motion having been sustained, appellant was not required to answer further until the next term of said court, at which term it did answer, and interposed promptly its * * * plea to the jurisdiction of the court. Its plea to the jurisdiction was filed at the appearance term of the court, and was filed in due order of pleading, and should have been entertained."

To the same effect is the decision of the Court of Civil Appeals in Kelly v. A. B. Crouch Grain Co., 174 S. W. 630. For these reasons we are of opinion, and so hold, that appellee, having knowledge of the rendition of the judgment against him in the justice court in time to have petitioned for a writ of certiorari, should have pursued that remedy; that in so doing he would not have foreclosed his right to plead, in due order of pleading in the county court, his privilege to be sued in the county of his residence; that this remedy was adequate; and that he was not entitled to the equitable relief sought.

The judgment of the trial court is reversed, and judgment here rendered in favor of appellant against appellee, dissolving the injunction, and for all costs incurred in this court and the court below.

Reversed and rendered.