[Adopted.]

## ROBERT COHEN v. J. T. MUNSON, Guardian.

### SUPREME COURT, AUSTIN TERM, 1883.

*Administrator's Bond—Suit on—Jurisdiction.*—In an administrator's bond the contract of the sureties was to pay money to a certain amount in case their principal did not well and truly perform his duties as administrator, but not to pay at any particular place.

*Same.*—An administrator's bond, under the statute, does not compel the surety to answer for the defalcations of his principal in any particular county, hence, suit must be brought in the county of his residence.

Appeal from Grayson county. Opinion by Willie, C. J.

This suit was brought in the district court of Grayson county against Robert Cohen alone, as one of the sureties upon the bond of Mortimer J. Massie, given for the faithful performance of his duties as administrator of the estate of John William Bradford, deceased.

The object of the suit was to recover the value of certain property alleged to have been received by Massie as such administrator and appropriated to his own use, to which property the ward of appellee was entitled as only heir of deceased. Cohen, being at the date of the commencement

of the suit, a resident of Harris county, pleaded his personal privilege of being sued in the county of his residence, to which plea a demurrer by the plaintiff was sustained. The district court of Grayson county retained jurisdiction of the cause, proceeded with the trial of it, which ended in a judgment for the plaintiff below, and from this judgment Cohen has appealed to this court, assigning among other errors the action of the court in striking out his plea of personal privilege.

This assignment of error is the only one we propose to consider.

The record does not disclose the grounds upon which the plea was held bad; but the supposition is that the court construed the administrator's bond to be a contract for the performance of an obligation in Grayson county, and hence that the case was within the fifth exception to Art. 1195 of the R. S. No other exception included in that article could under the circumstances of the case, have been made applicable to it, nor do we think that it can be embraced within this exception.

The contract of the sureties was to pay money to a certain amount in case their principal did not well and truly perform his duties as administrator, but not to pay at any particular place, so there was no express contract to perform the obligation in Grayson county.

Neither can such contract be implied from the terms of the instrument.

The mere fact that the administration was opened and carried on in that county was not sufficient to compel the sureties to answer there for the defaults of their principal, committed in the course of such administration.

To perform the duties of administrator, and to pay in case of failure to do so, were two different contracts, the first of which might have been liable to be discharged at one place and the second at another. The first was the obligation of the principal; the second the agreement, both of himself and of his sureties.

But it cannot be said that the administrator's duties were necessarily to be discharged in Grayson county, and that the defaults for which his sureties were answerable, must necessarily occur there. He may have resided in another county. The entire property of the estate may have been

situated elsewhere. His conversion of the property of the estate to his own use may have taken place at any point within the State. Yet it cannot be contended that the sureties on his bond could have been sued for these acts of *devistavit* in the respective counties in where they took place.

To entitle a plaintiff to sue in a county other than the residence of the defendant, he must bring his case clearly within one of the exceptions of the statute.

The fifth exception seems to contemplate that the instrument of writing should plainly provide that the obligation for the breach of which the defendant is sued, is to be performed in a county different from that in which the defendant resides. We do not consider that an administrator's bond, under the statute, compels the surety to answer for the defalcations of his principal in any particular county, and hence that he must be sued in the county of his residence.

We think the court erred in sustaining a demurrer to Cohen's plea of privilege, for which the judgment must be reversed and the cause dismissed.