# TEXAS SUPREME COURT REPORTS.

## TYLER TERM, 1888.

MAX LINDHEIM & BRO. v. BEN MUSCHAMP ET AL.

No. 6259.

1. **Venue.**—To entitle a plaintiff to sue in a county other than the residence of the defendant, he must bring his case clearly within the statute.

2. **Bond by Building Contractor—Venue.**—A contract for the building of a house, and a bond conditioned that the contractor build the house as he contracts to do, are two separate contracts. The latter, unless otherwise on its face, can be sued on only in the residence of one or more of the makers of the bond.

APPEAL from Val Verde. Tried below before Hon. Winchester Kelso.

On the 24th of March, 1886, Ben Muschamp entered into a contract with appellants to furnish material and do the stone work and plastering in constructing a house in the town of Del Rio, the work to be completed by the 15th of May, 1886. Afterwards, on the same day of the contract, Muschamp, as principal, and the other appellees, James Cornell and A. L. Coffin, as sureties, executed and delivered to appellants a bond in the sum of $2000, which was followed by the conditions attached thereto, viz:

"The condition of the above obligation is such that on the 24th day of March, 1886, B. Muschamp did enter into and sign a contract in writing with Max Lindheim & Bro., of Del Rio, Val Verde County, Texas, to do all the rock work and plastering and furnish all material for a stone building, to be erected at Del Rio, Val Verde County, Texas, according to plans and specifications marked Exhibit A, as specified in said contract; now, therefore, if the said B. Muschamp shall well and truly perform the duties set forth in said contract, then this obligation shall be void; otherwise to remain in full force and effect."

In January, 1887, appellants brought this suit in the District Court of Val Verde County, alleging in their petition that the defendants (appellees) all resided in Kinney County; that Muschamp had not complied with his contract, in this, that he had not finished the work by the 15th of May, and alleged that the time agreed upon for the work to be finished was of the essence of the contract; that he quit the work without finishing it, thereby compelling plaintiffs to have the work completed at a cost to them of $163.75 in excess of the amount for which Muschamp was to do the work as stipulated in the contract; that by reason of his failure to finish the work according to contract they were deprived of the use of the building for four and a third months after they should have had pos-

session of it, under the contract, in a finished condition; that the reasonable value of the rent of the building for the four and one-third months was $100 per month; that the $2000 stated in the bond was liquidated damages. Prayer for judgment against appellees for the $2000, or, in the alternative, for the amount expended in excess of the contract price, and for the value of the rents of the building for the four and a third months at $100 per month.

Appellees answered by plea to the jurisdiction of the court, upon the ground that they were resident citizens of the county of Kinney. The plea to the jurisdiction was sustained, and judgment entered dismissing the suit, from which judgment this appeal is taken.

*Ware & Tugwell* and *Jones & Jones*, for appellants. — The bond in suit should be construed independently of and without reference to the written contract. It was shown by the terms of the two instruments and the allegations of the petition that it was made to support and as an integral part of the contract.

Whereas the condition of defeasance, a part of said instrument, expressly designates the county of Val Verde as the place of performance, the circumstances alleged in the petition and the subject matter fixes Val Verde County as the place of performance and the terms of the case.

The instrument itself would be otherwise meaningless, and the two instruments are necessarily the complements the one of the other. Under section 5, article 1198, Revised Statutes, plaintiff had option where to sue. Rev. Stats., art. 1198, sec. 5; Looney v. Le Gierse & Co., 2 Willson's Condensed Civil Cases, secs. 531 and 532; Durst v. Swift, 11 Texas 273; Barrow v. Philleo, 14 Texas, 345; Phillio v. Blythe, 12 Texas, 124; Carro v. Carro, 60 Texas, 395; Cohen v. Munson, 59 Texas, 236.

*Clamp & Clamp*, for appellees. — This suit being in effect a suit by appellants against appellees to recover as *liquidated damages* $2000 penalty upon an obligation executed by all the appellees, different from the written contract of the principal, though in point of time executed contemporaneously with the written contract, is upon an independent contract of the principal and his sureties, complete within itself, and the liability of appellees thereupon (if liable) can neither be increased nor diminished by reference to the written contract of the principal. Cohen v. Munson, 59 Texas, 237; White & Willson Civil App. Cases, sec. 152, case of Little v. Woodbridge.

ACKER, PRESIDING JUDGE.—Ben Muschamp entered into a written contract with Max Lindheim & Bro. to build a house for them in the town of Del Rio. To secure to Max Lindheim & Bro. the payment of such damage as might result to them should Muschamp fail to perform

the contract, Muschamp executed bond in the sum of two thousand dollars, payable to Lindheim & Bro., with James Connell and A. L. Coffin as sureties thereon, conditioned that Muschamp should well and truly perform his contract, which was referred to in the condition of the bond.

This suit was brought in the District Court of Val Verde County against Muschamp and the sureties on his bond, to recover the amount of the bond as liquidated damages for alleged breaches in the condition of the bond, or in the alternative to recover the sum of about six hundred dollars damages which, it was alleged, had been sustained by appellants in consequence of Muschamp's failure to construct the building in compliance with the terms of his contract.

The petition alleged that Muschamp and the sureties on his bond resided in the county of Kinney.

Appellees pleaded in abatement their personal privilege of being sued in the county of their residence. The plea was sustained and the suit dismissed. From this judgment Lindheim & Bro. have appealed, and assign error upon the ruling of the court sustaining the plea in abatement and dismissing the suit. The sureties on the bond were liable only upon condition that their principal failed to perform his contract, and the bond is not made payable in any particular place. The engagement entered into by Muschamp to construct the building was one contract, and the bond was another, each separate and distinct from the other. The liability upon the latter was dependent entirely upon the performance or non-performance of the former. In order to give jurisdiction to the court in which this suit was brought, the bond must have been made payable in Val Verde County. To entitle a plaintiff to sue in a county other than the residence of the defendant he must bring his case clearly within some exception named in the statute. Cohen v. Munson, 59 Texas, 237.

The fact that Muschamp's individual contract to construct the building was to be performed in Val Verde County did not give the court of that county jurisdiction of the suit brought upon the bond, payable at no specified place, and executed by persons residing in Kinney County at the time the suit was brought.

We are of opinion that there is no error in the judgment of the court below, and that it should be affirmed.

*Affirmed.*

Adopted October 30, 1888.