TEXARKANA TELEPHONE CO. v. BLISARD. (No. 8974.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 18, 1919.)

TELEGRAPHS AND TELEPHONES ⬅62—VENUE OF ACTION; NEGLIGENCE IN MESSAGE TO OTHER COUNTY OVER OTHER COMPANY'S LINES.

Where a telephone company was a domestic corporation domiciled in B. county and had no property in J. county, its transfer over its switchboard to another telephone company, with which it had an agreement to pay for connections, and with which it was required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1238, to make physical connections, of a call for a party in J. county, held not to support a contention that defendant had contracted to deliver the message in J. county so as to make one company liable for the negligence of the other and authorize suing defendant in J. county.

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Suit by W. L. Blisard against the Texarkana Telephone Company and another. From an order overruling the named defendant's plea of privilege to be sued in Bowie County, Tex., it appeals. Reversed, with directions to transfer cause as to named defendant.

Stanley Boykin, of Ft. Worth, for appellant.

J. B. Haynes and F. E. Johnson, both of Cleburne, for appellee.

CONNER, C. J. Appellant is a domestic corporation and appeals from an order overruling its plea of privilege to be sued in Bowie county, Tex., where it has its office and place of business.

The suit was instituted by the appellee in the district court of Johnson county, Tex., against the appellant company and against the Southwestern Telegraph & Telephone Company upon allegations that Mrs. Lonie Mauldin, the operator of a telephone line or exchange at Cuthand in Red River county, put in a long-distance telephone call for the appellee at Cleburne in Johnson county, Tex., to the end that Ellie Blisard, a sister might communicate to her brother, W. L. Blisard, the fact that Mrs. Sadie McLean, another sister of the appellee, was very ill and not expected to live.

It was alleged that the defendants negligently failed to establish the necessary connection sought as they had agreed to do, and that by reason of such failure appellee was denied the privilege of attending the bedside of his sister Mrs. McLean prior to her death.

Upon the trial of the plea of privilege, it was shown without dispute that the appellant company was a domestic corporation with its domicile in the city of Texarkana, Bowie county; that it had no property in Johnson county; and that no condition existed which, under our venue statute, would give jurisdiction in Johnson county unless it is to be said that the evidence establishes a contractual obligation on the part of the appellant to deliver the message in controversy in Johnson county. The facts relied upon as establishing the alleged contractual obligation to deliver the desired message to W. L. Blisard in Johnson county are, without dispute, as follows: It appears that the appellant company has a telephone exchange at Clarksville in Red River county, at which point it connects with the telephone line of the other defendant in this case, the Southwestern Telegraph & Telephone Company, whose line extends from Clarksville to Cleburne in Johnson county; that at Cuthand there is a private exchange or telephone line extending into Clarksville which there connects with the exchange or lines of the appellant company; that the Cuthand exchange, by agreement between it and the appellant company, pays $10 per month for the right to connect with the Clarksville exchange and to communicate messages over the Cuthand line to long distance points; that on the occasion in question, when the operator at Cuthand received the call for W. L. Blisard at Cleburne, she called up the appellant's Clarksville office and called for "long distance"; that appellant's Clarksville operator connected the Cuthand line and operator with the exchange and line of the Southwestern Telegraph & Telephone Company, which had an exchange system located in appellant's Clarksville station. "Long distance," upon the call and connection stated, answered, and thereupon the Cuthand operator delivered the message calling for W. L. Blisard at Cleburne with a statement of the character of the message which the sender desired to communicate.

It seems undisputed that the long-distance operator at Clarksville communicated the

call to the operator of the Southwestern Telegraph & Telephone Company at Cleburne, and that the failure to call or reach the appellee and communicate to him the call and message from Cuthand was due wholly to the failure or negligence of the Cleburne force. There is no evidence whatever of any agreement or undertaking on the part of the appellant company to deliver the message in question to the appellee. Its obligation, if any, to do so can only spring from its undertaking with the Cuthand exchange to make the long-distance connection called for with the Southwestern Telegraph & Telephone Company. Nor is there any evidence of any agency or joint undertakings between the appellant company and the Southwestern Telegraph & Telephone Company so as to make one company liable for the misfeasances of the other, except the fact already stated that the appellant company was obligated to the Cuthand exchange to transfer calls over the Cuthand line for long-distance points over the line of the Southwestern Telegraph & Telephone Company.

Under the state of the facts given, we think the court erred in overruling appellant's plea of privilege. Article 1238, Vernon's Sayles' Statutes, reads as follows:

"All companies, individuals, firms or corporations doing a telephone business in this state shall be compelled to make physical connections between their toll line at common points, for the transmission of messages or conversations from one line to another; such connection to be made through the switchboard of such individuals, companies, firms or corporations, if any is maintained at such points, so that persons so desiring may converse from points on one of such lines to points on another."

The mere fact, therefore, that the appellant company transferred over its switchboard the call from Cuthand to the switchboard or operator of the Southwestern Telegraph & Telephone Company at Clarksville, cannot legally support a contention that the appellant company either contracted that the message from Cuthand should be delivered in Cleburne, or that the connection between the two telephone companies was such as to make one liable for the act or fault of the other. Western Union Tel. Co. v. Lovely, 52 S. W. 563, and cases therein cited. We think we may appropriately quote here the following from Cannel Coal Co. v. Luna, 144 S. W. 721:

"A corporation, like an individual, has the right and privilege secured to it by the laws of Texas to be sued in the county of its domicile, unless it is alleged and proved by the plaintiff that it has an agency or representative in the county in which the suit was instituted, other than the place in which its domicile is situated. The right to sue in another than the

county of domicile is for the benefit of the plaintiff, and he must present the facts necessary to show that his case comes within the countenance and support of the exceptions to the general rule that no person who is an inhabitant of this state shall be sued out of the county in which he has his domicile.

" 'To entitle a plaintiff to sue in a county other than the residence of the defendant, he must bring his case clearly within one of the exceptions of the statute.' Cohen v. Munson, 59 Tex. 236; Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125. As said in Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25: 'The right to maintain a suit in a county other than that in which the statute fixes the venue must depend upon the existence of the fact or facts which constitute an exception to the statute, and not upon the mere averment of such fact or facts. Where jurisdiction of the person of a defendant is claimed under some exception to the general statute of venue, and he pleads the privilege of being sued in the county of his domicile, as provided by that statute, to defeat his plea and deprive him of that right, we think the facts relied on should be not only alleged but proved.' "

We conclude that the judgment below should be reversed, and that, in accord with the statute on the subject, the cause, in so far as urged against appellant, should be transferred to the district court of Bowie county having jurisdiction over the person of the appellant company.