### SCARBROUGH & DAVIS v. CULP.
### (No. 6870.)

(Court of Civil Appeals of Texas. Austin. Oct. 21, 1925.)

1. Venue ⬤⇒7—Venue of suit on road contractors' bond not providing for payment for labor in county of suit not sustainable on ground that defendants contracted to build road in such county.

Venue of suit by laborers' assignee on road contractors' bond, not providing for payment for labor in county of suit, cannot be sustained on ground that defendants contracted in writing to build road in such county.

2. Venue ⬤⇒7—Express or implied agreement to perform or pay in county of suit on contract necessary to sustain venue.

To sustain venue under Rev. St. art. 1830, subd. 5, written contract sued on must contain express agreement to perform or pay in county of suit, or such agreement must be necessarily implied by its terms.

3. Venue ⬤⇒7—Venue of suit on road contractors' bond for amount due for labor not fixed by statutes in county where contract is to be performed.

Vernon's Sayles' Ann. Civ. St. 1914, arts. 6394f–6394j, requiring contractors' bond to secure laborers and materialmen, do not fix venue of suit for amount due for labor in county where contract is to be performed, especially as such suits are authorized by bond only.

4. Venue ⬤⇒7—Statute fixing venue of suit for amount due for labor in county wherein performed inapplicable to suit originating in county court.

Rev. St. art. 2308, subd. 4, fixing venue of suit for amount due for labor in county where it was performed, applies only to cases originating in justice courts, not to suit originating in county court.

5. Venue ⬤⇒7—Gravel checks held not contracts to pay for hauling in county of suit on road contractors' bond.

Gravel checks, not providing for payment for hauling in county of suit on road contractors' bond for amount of such checks, held not written contracts to pay in such county.

Appeal from Coleman County Court; S. J. Pieratt, Judge.

Action by R. E. L. Culp against Scarbrough & Davis. From a judgment for plaintiff, and orders overruling pleas of privilege, defendants appeal. Reversed and remanded, with instruction.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Critz & Woodward, of Coleman, for appellants.

W. Marcus Weatherred, of Coleman, for appellee.

BLAIR, J.   October 19, 1922, appellants Scarbrough & Davis, by a written contract with Coleman county, agreed to construct a graveled road in that county.

November 2, 1922, they executed their bond to said county, conditioned and in the form required by articles 6394f to 6394j, Vernon's Sayles' Ann. Civ. St. 1914, relating to the securing of laborers for labor done and materialmen for material furnished in and about the construction of said road.

November 6, 1922, they entered into a written contract with one G. A. Eproson for him to do and perform, as subcontractor, their said contract with Coleman county. Eproson employed several persons to haul the gravel with which to surface the road, and issued to them a gravel check or receipt for each load hauled, a duplicate of which was retained by the county's engineer. These represented the subcontractor's obligation to pay the hauler named the amount represented by the figures in each check; and the duplicate retained by the county engineer furnished the basis for settlement between Scarbrough & Davis and the county upon their contract with the county. A duplicate of the check issued is as follows:

"Coleman County. No. 785. Surfacing Material Haul Ticket. Contractor, Eproson. Subcontractor, Williams. Driver, ——. Road No. 1-6.

| Wag. No. 3 | Material. G | Cu. Yards. 1½ | Loc. of ¼ 8 | No. ¼ O. H. | C. Y. ¼ O. H. | Weather. F |
|---|---|---|---|---|---|---|

"Date, 8—31—23.  Pit No. 1.  Checker, HEC."

Appellee, as assignee of 592 of these gravel checks, aggregating a total value of $433.88, instituted this suit in the county court of Coleman county to recover that amount from Scarbrough & Davis, alleging the above facts, the bond and the statutes requiring it as fixing their liability for the debt, and further alleging that Coleman county had long before the institution of the suit paid Scarbrough & Davis the amount due them on said 592 gravel checks.

Appellants filed identical answers, except W. W. Scarbrough represented that he was a resident of Anderson county, Tex., and and Thomas C. Davis represented that he was a resident of Dallas county, Tex., and, among other things consisted of the following: (a) An exception to venue by each of them. (b) A plea of privilege in statutory form by each to be sued in his respective county.

Appellee's controverting answers to each of the pleas of privilege consisted, among other things, of the following: (a) That venue for the suit is properly in Coleman county under article 1830, subdivision 4, of the Revised Statutes, because the appellants contracted in writing to build the road in that county, and by virtue of the bond, securing laborers in their pay. Executed in connection with the said written contract, and upon which bond the suit is brought; (b) that the suit is upon the appellant's public contract bond, required of them by the provisions of articles 6394f et seq., and that these statutes necessarily fix venue for a suit to enforce the bond in Coleman county; (c) that the suit is for labor actually performed in Coleman county, and venue is properly in said county under article 2308, subdivision 4, of the Revised Statutes; (d) that the gravel checks which furnish the basis of the suit are written contracts, payable in Coleman county, and fix venue there.

The case was tried to the court; a jury being waived. The pleas of privilege were heard and overruled, after which judgment was rendered for appellee in the sum sued for. The appeal is from the orders overruling the pleas of privilege first and from the judgment as well.

We have reached the conclusion that the pleas of privilege should have been sustained, and we will therefore pretermit a discussion of the appellants' liability for the debt; but will assume, for the purpose of passing upon the venue question only, that they are responsible for the debt in suit.

[1] The fact that appellants contracted in writing with Coleman county to build a road in that county is not material to the issue of venue in this suit, for appellee has not and cannot sue upon that contract. His right to sue appellants is based solely upon their statutory bond, executed in connection with the contract to build the road in Coleman county. In other words, appellee is not seeking to enforce the road-building contract; but is seeking to enforce the provision of the statutory bond, which requires the contractors, who by written contract agreed to build the road, to pay for all labor done and performed in and about the road. It must follow from this conclusion that the bond is the only instrument of writing to which the trial court should have looked in determining the venue issue. Little v. Woodbridge, 1 White & W. Civ. Cas. Ct. App. § 152; Kramer v. Lilley, 55 Tex. Civ. App. 339, 340, 118 S. W. 735, 736; Lindhéim v. Muschamp, 72 Tex. 33, 35, 12 S. W. 125; Barker v. Foster, County Judge, 3 Willson, Civ. Cas. Ct. App. § 305; Mann, Mauck & Stephens v. Clapp & Brown, 1 White & W. Civ. Cas. Ct. App. § 503.

[2] It is also well settled that, in order to sustain venue for a suit under the provisions of article 1830, subdivision 5, of the Revised

Statutes, the written contract furnishing the basis of the suit alone must be looked to; and unless it contains an express agreement to perform or pay, or unless it shall necessarily imply by its terms an agreement to perform or pay in the county of suit, venue is improperly sustained. Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125; Lyon v. Gray (Tex. Civ. App.) 265 S. W. 1094. In the latter case it was held:

"The contract which was made an exhibit to the petition, does not stipulate that any of the obligations resting upon Dr. Gray should be performed in Wheeler county, except that portion of the same relating to the matter of harvesting the crops. With this exception, the contract does not necessarily imply that he shall perform any part of it in Wheeler county. The matter of harvesting the crops is not involved in this suit, and the rule is, that in order to confer jurisdiction upon the courts of Wheeler county, it must appear that the particular stipulation involved in the suit is performable in such county. Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299."

The Supreme Court held in Lindheim v. Muschamp, supra, that—

"The sureties on the bond were liable only upon condition that their principal failed to perform his contract, and the bond is not made payable in any particular place. The engagement entered into by Muschamp to construct the building was one contract, and the bond was another, each separate and distinct from the other. The liability upon the latter was dependent entirely upon the performance or nonperformance of the former. In order to give jurisdiction to the court in which this suit was brought, the bond must have been made payable in Val Verde county. To entitle a plaintiff to sue in a county other than the residence of the defendant he must bring his case clearly within some exception named in the statute. Cohen v. Munson, 59 Tex. 237."

The stipulation of the bond sought to be enforced in this case to pay for all labor performed in and about the road, did not provide that such payment should be made in Coleman county; and venue cannot be sustained upon the first ground asserted by appellee.

[3] The second ground, that articles 6394f to 6394j, Vernon's Sayles' Ann. Civ. St. 1914, requiring a contractor's bond to secure laborers and materialmen, necessarily fix venue in the county where the contract which the bond secures is to be performed, is not sustained. Suits of this character are not authorized by virtue of the statutes; but by virtue of the bond, and to it we must look for venue of a suit by which its provisions are sought to be enforced. Fennell v. Trinity Portland Cement Co. (Tex. Civ. App.) 209 S. W. 796; Hess & Skinner v. Turney, 110 Tex. 148, 216 S. W. 621; U. S. Fidelity Co.

v. Burton Lb. Co. (Tex. Civ. App.) 221 S. W. 699.

Neither do the statutes themselves authorize or fix venue in the county where the contract secured by the bond is being performed. We find nothing in the language used that would justify such conclusion.

[4] The third ground that the suit is for labor actually performed in Coleman county, and that venue in a suit to recover for such labor is fixed in the county where it was performed, under article 2308, subdivision 4, Revised Statutes, is not sustained. This statute applies solely to the venue of cases originating in the justice courts. This suit originated in the county court.

[5] The fourth ground that each gravel check sued upon represented a written contract to pay for labor performed in Coleman county is without merit. The gravel checks did not provide that the labor should be paid for in Coleman county, as will be seen from the duplicate check copied herein.

The cause will be reversed and remanded, with the instruction to the trial court to transfer the cause to either Anderson or Dallas county at the election of appellee.

Reversed and remanded with instructions.