**STRIBLING et al. v. AMERICAN SURETY CO. OF NEW YORK.**

No. 7616.

Court of Civil Appeals of Texas. Austin.

July 8, 1931.

Rehearing Denied July 25, 1931.

James Cornell and R. G. Hughes, both of San Angelo, for appellants.

Geo. E. Shelley, of Austin, for appellee.

BLAIR, J.

This appeal is from orders overruling the pleas of privilege in statutory form of appellants, J. C. Stribling and W. W. Moss, to be sued in Llano county, where they reside. Appellee sued appellants in Travis county upon their written indemnity agreement, which appellee alleged in the affidavit controverting the pleas of privilege to be performable in Travis county; and on the hearing thereof venue of the suit was sustained in Travis county under subdivision 5 of article 1995 (Rev. St.), which provides that: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought * * * in such county" to enforce the obligation.

■ Appellee executed as surety a depository bond in behalf of the First State Bank of Cherokee, Tex., payable to the state treasurer in Travis county, Tex., to secure the repayment of the state funds deposited with the bank. Appellants did not sign the bond; but, in consideration of the execution of the bond by appellee as surety, appellants executed the indemnity contract, agreeing (a) to "perform all the conditions of said bond," and (b) to "indemnify and save the surety harmless from and against * * * liability" thereon.

As surety on the depository bond appellee was compelled to pay the state treasurer the sum of $10,259.72, and it then filed this suit to recover that amount from appellants upon their indemnity agreement. The court construed the indemnity obligation to be performable in Travis county, because it referred to and obligated the makers to "perform all conditions of the said bond" given to secure the repayment of the state funds deposited with the bank to the state treasurer in Travis county, and indemnitors thereby in legal ef-

fect agreed in writing to perform the indemnity obligation in Travis county. Manifestly this construction of the indemnity agreement is incorrect as applied to the character of suit brought by appellee. Appellee's suit was not upon any obligation of the bond which appellants may have agreed by their indemnity contract to perform, but its suit was solely upon the separate and distinct indemnity agreement to indemnify appellee for the amount it had theretofore paid on the bond. The sole obligation of the bond was to secure the repayment of state funds deposited with the bank, which obligation appellee performed when it paid the amount due thereon.

It is true that the indemnity agreement obligated appellants to "perform all the conditions of the bond" on demand of appellee; but appellee did not demand of appellants performance of nor did it sue them upon any bond obligation which they may have impliedly agreed to perform in Travis county, because such bond obligation was performable there. In fact, appellee could not have sued appellants upon any bond obligation, because it had prior to filing this suit performed the sole obligation of the bond by paying the amount due thereon to the state treasurer. Its suit was therefore upon the indemnity agreement, which does not designate any particular county in which the obligation to "indemnify" appellee for the amount it paid on the bond is performable.

■ Where a written contract only provides for performance in the county of suit of an obligation not involved in the suit, venue cannot be sustained under subdivision 5 of article 1995, to enforce an obligation of the contract not made performable in the county of the suit. Williams v. Doering (Tex. Civ. App.) 28 S.W.(2d) 893.

■ The rule is also settled that in order to sustain venue of a suit under subdivision 5 of article 1995, the written contract sued upon must alone be looked to in determining whether it is performable in the county of the suit; and, if it does not expressly or by necessary implication provide for the performance of the obligation sued upon in the county of the suit, venue is improperly sustained. Allison & Sons v. Hamic (Tex. Com. App.) 260 S. W. 1037; Cohen v. Munson, 59 Tex. 237; Barker v. Foster, 3 Willson, Civ. Cas. Ct. App. § 305; Employers' Casualty Co. v. Cameron & Co. (Tex. Civ. App.) 288 S. W. 584, 585; Kramer v. Lilley, 55 Tex. Civ. App. 339, 118 S. W. 735; Little v. Woodbridge, 1 White & W. Civ. Cas. Ct. App. § 152; Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125; Lyon v. Gray (Tex. Civ. App.) 265 S. W. 1094; Mann, Mauck & Stephens v. Clapp & Brown, 1 White & W. Civ. Cas. Ct. App. § 503; Scarborough & Davis v. Culp (Tex. Civ. App.) 276 S. W. 743; Russell v. Green (Tex. Civ.

App.) 214 S. W. 448; Williams v. Doering (Tex. Civ. App.) 28 S.W.(2d) 893; Wrenn v. Brooks (Tex. Civ. App.) 257 S. W. 299.

The indemnity agreement does not in express terms provide for performance of the obligation to indemnify appellee for any amount it paid on the bond in Travis county, and there is no fact or circumstance which would indicate that the parties intended to impliedly agree that such obligation would be performable in Travis county, and venue of the suit was improperly sustained in Travis county.

The orders appealed from are set aside, and the cause remanded, with instructions to transfer same in accordance with the pleas of privilege filed.

Reversed and remanded, with instructions.