## McKINNEY v. MOON.

### No. 2384.

Court of Civil Appeals of Texas. Eastland.

June 18, 1943.

Rehearing Denied July 16, 1943.

A. J. Thompson, of Nacogdoches, for appellant.

Thomas R. Smith and B. N. Carter, both of Colorado City, for appellee.

FUNDERBURK, Justice.

In this suit by J. O. Moon against R. W. McKinney (doing business as R. W. McKinney Construction Company), a resident of Nacogdoches County, to recover wages for overtime as a night watchman in the employment of defendant, the Court, upon hearing, overruled a controverted plea of privilege of said defendant, from which action this appeal is prosecuted.

Venue of the case in Mitchell County was sought to be sustained under Exceptions 5 and 9 to the general provision governing venue prescribed in R.S.1925, art. 1995, and amendments thereto, Vernon's Ann.Civ.St. art. 1995.

We readily conclude that Exception 5 has no application, and the judgment overruling the plea of privilege, insofar

as dependent upon the authority of that exception, cannot be sustained. According to the pleadings and uncontroverted evidence, plaintiff's contract was oral. Exception 5 is only applicable when the obligation upon which, or by reason of which, the suit is brought is an obligation which the defendant has contracted in writing to perform in the particular county where the suit is brought. If, therefore, the contract of employment—being oral—had provided for payment of overtime in Mitchell County (of which there was neither pleading nor evidence), the venue would not have been authorized by Exception 5.

In our opinion, the obligation sought to be enforced by this suit is not a contract obligation at all, but rather one to make payment in the nature of a penalty purportedly imposed by law. If so, of course, for that reason alone Exception 5 has no application.

■ But if it be assumed that the written contract to which the State of Texas, acting by the Highway Department, on the one hand, and defendant on the other, are the parties and/or the bond given by defendant to the State to secure performance of said contract, should be held to create obligations of the defendant to the plaintiff, it is, nevertheless, true that no provision of such contract, or contracts, requires payment of anything to plaintiff to be made in Mitchell County. The authorities, we think, well establish this proposition applicable and controlling here: that under Exception 5 to the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county expressly named. Williams v. Doering, Tex.Civ.App., 28 S.W.2d 893; Lyon v. Gray, Tex.Civ.App., 265 S.W. 1094; Wrenn v. Brooks, Tex. Civ.App., 257 S.W. 299; Stribling v. American Surety Co., Tex.Civ.App., 41 S.W.2d 300; Taylor v. Burleson, Tex.Civ.App., 30 S.W.2d 351; Scarborough & Davis v. Culp, Tex.Civ.App., 276 S.W. 743; Fidelity Securities Co. v. Owens, Tex.Civ.App., 70 S.W.2d 308; Cox v. Bunn, Tex.Civ.App., 160 S.W.2d 101; Bomar Cotton Oil Co. v. Schubert, Tex.Civ.App., 145 S.W. 1193; McCammant v. Webb, Tex.Civ.App., 147 S.W. 693; Lindheim v. Muschamp, 72 Tex. 33, 12 S.W. 125.

Aside from any question whether the plaintiff must be a party to the contract, which provides for the performance of the obligation in a particular county, no contract in evidence—neither the oral contract nor the contract between defendant and the State, nor the contractor's bond considered as a contract—contained any provision that anything to be paid by the defendant was to be paid in Mitchell County.

■ It remains to consider whether the venue is sustainable under Exception 9. The point is made that the failure or refusal of defendant to pay plaintiff's claim for overtime work constituted a crime or offense under provisions of the so-called 'Fair Labor Standards Act of 1938,' 29 U.S.C.A. §§ 201–219. In our opinion, there was no evidence to show, or raise an issue of the fact, that plaintiff's services as a night watchman, under the circumstances they were rendered, constituted employment in "commerce", as defined in section 203 of said Act, or, in other words, that plaintiff's services or defendant's employment of such services was subject to the provisions of said Act. Under the uncontroverted evidence, the services were not performed in the repair or maintenance of a highway, if it be assumed that it was material whether they were so or not. The work was new construction, which, so far as plaintiff's connection with it is shown, had not been connected with or incorporated in the use of the highway.

If we be mistaken in this conclusion, then at all events a crime or offense as defined by said Act, includes willfulness as an essential element thereof. There was neither pleading nor proof of willfulness in the sense that such term is employed in Penal Statutes. City of Baird v. West Texas Utilities Co., Tex.Civ.App., 145 S.W.2d 965, and authorities cited.

It is, therefore, our conclusion that defendant's plea of privilege should have been sustained; that the judgment of the court below should be reversed and that the cause should be transferred to Nacogdoches County.

It is accordingly so ordered.