**COQUINA OIL CORPORATION, Appellant,**

v.

**SOJOURNER DRILLING CORPORATION, Appellee.**

No. 4723.

Court of Civil Appeals of Texas, Eastland.

Oct. 18, 1974.

Rassman, Gunter & Boldrick, James P. Boldrick, Midland, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, John P. Camp, Abilene, or appellee.

RALEIGH BROWN, Justice.

This is a venue case. Coquina Oil Corporation filed a third party action against Sojourner Drilling Corporation in Nolan County, Texas. The suit sought indemnity from Sojourner under the terms of a written contract between Coquina and Sojourner. This third party action was the result of a suit for personal injuries filed against Coquina by representatives of the estate of Ralph Osborn, who was fatally injured in an oil field fire in Nolan County. Sojourner filed a plea of privilege asking that the cause be transferred to Taylor County, its place of residence. Coquina filed a controverting plea seeking to retain venue in Nolan County under Subdivisions 5 or 9a of Article 1995, Vernon's Annotated Civil Statutes. The trial court sustained the plea of privilege. Coquina Oil Corporation appeals. We affirm.

The uncontroverted facts show that Coquina and Sojourner entered into a written contract for the drilling of an oil or gas well in Nolan County, Texas. While the well was being drilled, a fire erupted causing the death of Ralph Osborn. He was an employee of Sojourner Drilling Corporation and his beneficiaries collected workmen's compensation benefits from the compensation carrier for Sojourner. The rep-

resentative of the estate of Osborn filed suit against Coquina and others at common law. Coquina answered and filed its third party action against Sojourner seeking indemnity for any judgment rendered against it. The contention of Coquina is that indemnity was provided by paragraph 18.9 of the drilling contract which states:

> "18.9 Indemnity by Contractor: Contractor agrees to protect, indemnify, and save harmless the Owner from and against all claims, demands and causes of action in favor of Contractor's employees or third parties on account of personal injuries or death or on account of property damages (other than property damages as in this Par. 18 specifically provided for) arising out of the work to be performed by contractor hereunder and resulting from the negligent acts or omissions of Contractor, contractor's agents, employees and subcontractors."

■ It must initially be observed that in considering venue with respect to the third party defendant, Sojourner Drilling Corporation, this court must view the third party actions as separate and distinct from the cause of action asserted by the representative of the estate of Osborn against Coquina. Union Bus Lines et al. v. Byrd et al., 142 Tex. 257, 177 S.W.2d 774 (1944); Service Mutual Ins. Co. of Texas v. Erskine, 169 S.W.2d 731 (Tex.Civ.App.—Waco 1943, no writ); 1 McDonald, Texas Civil Practice, Section 4.39.

Coquina contends that the negligent acts and omissions of the employees of Sojourner were the sole proximate cause of the accident, therefore its third party action should be maintained in Nolan County under the provisions of Subdivision 9a of Article 1995, V.A.C.S.[1] We disagree.

■ Sojourner carried Workmen's Compensation insurance and the beneficiaries of Osborn were paid such benefits. In the absence of gross negligence, Sojourner is not liable to the beneficiaries of Osborn for wrongful death because Article 8306, Section 3, V.A.C.S., provides the beneficiaries an exclusive remedy. It follows that Coquina in its third party action can not expand the liability of Sojourner to include indemnity without a contract right.

In City of Beaumont v. Graham, 441 S. W.2d 829 (Tex.Sup.1969), the wrongful death beneficiaries of Graham, who was fatally injured while working in an elevated water storage tank belonging to the City of Beaumont sued the city. At the time of his fall, Graham was an employee of Texas Tower and Construction Company which had a written contract with the city to repair the tank. The City filed a third party action against Texas Tower seeking indemnity or alternatively contribution. Our Supreme Court held in this case:

> " . . . Texas Tower was found by the jury to have been guilty of negligent conduct which was a proximate cause of Graham's injuries, but it was a subscriber under the Workmen's Compensation Law and, unless it contracted for such liability, is protected against claims for indemnity and contribution by Article 8306, Section 3, Vernon's Texas Civil Statutes . . ."

See also Westfall v. Lorenzo Gin Company, 287 S.W.2d 551 (Tex.Civ.App.—Eastland 1956, no writ); West Texas Utilities

---

I. 9a. *Negligence.*—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries.

Company v. Renner, 53 S.W.2d 451 (Tex. Com.App.1932).

We hold Subdivision 9a of Article 1995, V.A.C.S., has no application to the case at bar.

■ Coquina also argues the applicability of Subdivision 5 of Article 1995, V.A.C.S., which provides:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

This court stated in Johnson et ux. v. U. S. Industries, Inc., 469 S.W.2d 652 (Tex.Civ.App.—Eastland 1971, no writ):

"For a case to come within the exception contained in Subdivision 5 of the venue statute the terms of the contract must provide for the performance of the obligation sued on in the county of suit. Southwestern Investment Co. v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959); Garcia v. Kingsville First Savings & Loan Ass'n, 415 S.W.2d 537 (Tex.Civ. App.—San Antonio 1967 (writ dism.); La Salle County Water Improvement Dist. No. 1 v. Arlitt, 297 S.W.2d 344 (Tex. Civ.App.—Austin 1927, writ dism.)."

Further this court held in McKinney v. Moon, 173 S.W.2d 217 (Tex.Civ.App.— Eastland 1943, no writ):

" . . . The authorities, we think, well establish this proposition applicable and controlling here; that under Exception 5 to the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; *the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be per-*

*formed in a particular county* expressly named. Williams v. Doering, Tex.Civ. App., 28 S.W.2d 893; Lyon v. Gray, Tex.Civ.App., 265 S.W. 1094; Wrenn v. Brooks, Tex.Civ.App., 257 S.W. 299; Stribling v. American Surety Co., Tex. Civ.App., 41 S.W.2d 300; Taylor v. Burleson, Tex.Civ.App., 30 S.W.2d 351; Scarborough & Davis v. Culp, Tex.Civ. App., 276 S.W. 743; Fidelity Securities Co. v. Owens, Tex.Civ.App., 70 S.W.2d 308; Cox v. Bunn, Tex.Civ.App., 160 S. W.2d 101; Bomar Cotton Oil Co. v. Schubert, Tex.Civ.App., 145 S.W. 1193; McCammant v. Webb, Tex.Civ.App., 147 S.W. 693; Lindheim v. Muschamp, 72 Tex. 33, 12 S.W. 125." (emphasis ours)

The "particular obligation" sought to be enforced by Coquina in its third party action against Sojourner was its obligation to indemnify Coquina under the contract. Although the contract requires the drilling of the well at a particular location in Nolan County and all sums payable to Sojourner payable at his address in Abilene, Texas, the contract does not specify a place of performance of this "particular obligation" nor is Sojourner required to perform it in Nolan County.

In Seale et al. v. Langston et al., 259 S. W.2d 639 (Tex.Civ.App.—Beaumont 1953, no writ), it was stated:

"The rule is well settled that if venue is to be sustained under exception 5, as amended, in a county other than the county of the defendant's residence, the person who is sought to be held liable must have contracted in writing to perform the particular obligation sought to be enforced in the county where suit is brought, expressly naming such county or a definite place therein. The fact that some obligation not involved in the suit may be performable under the contract in the county where suit is brought will not suffice to sustain venue there under this exception, nor will the place of performance be fixed there by implication. Farmers' Seed & Gin Co. v.

Brooks, Tex.Com.App., 125 Tex. 234, 81 S.W.2d 675; Southwestern Peanut Growers Ass'n v. Kendrick, Tex.Civ. App., 183 S.W.2d 1019; McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217; Stribling v. American Surety Co. of New York, Tex.Civ.App., 41 S.W.2d 300; Williams v. Doering, Tex.Civ.App., 28 S.W.2d 893; Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610; Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441; Hamilton v. Booher, Tex.Civ.App., 124 S.W.2d 184."

Since the contract sued upon did not require that Sojourner perform the obligation sued upon in Nolan County, Coquina is not entitled to maintain this suit in Nolan County under Subdivision 5 of Article 1995, V.A.T.C.S.

We have considered and overruled each point of error. The judgment is affirmed.